Peck, J.
delivered the opinion of the court.
Scanland and securities were sued in debt upon their bond for the faithful accountability of Scanland for public moneys which might come into his hands as entry taker. Smith had been by the Legislature appointed a commissioner to examine the books of entry takers, and ascertain from them the extent of their liabilities. He performed the duty. The books kept by Scanland were submitted to Smith. The authority of Smith was not questioned by Scanland. From the documents furnished, Smith made out memoranda of moneys received and paid out. These memoranda were in, the form of an account, accompanied with a calculation of interest on the sums *312 not accounted for before the trial. Smith’s deposition was taken; Scanland cross-examined. On the trial, the memoranda which made part of the deposition, were objected to being received, on the ground that the witness, though he might refresh his memory by their contents, yet the memoranda themselves were not evidence. The objection was overruled, and this point is now debated before us. These memoranda were well received by the circuit judge; Scanland was apprized of the nature and object of the enquiry, and submitted to it. Smith’s acts were in the nature of a public duty. The books, though kept by Wilson, were public documents, and open to examination; to have withheld them when called for, would have been a breach of duty; at the trial, the notes and extracts used, were no surprise upon Scanland, for on taking the deposition they were referred to, relied upon, cross-examination took place touching them, and they were enclosed as part of the deposition. If they were erroneous, Scanland had the means of making the correction by the production of the books themselves; not having done so, prima facie the memoranda were correct. The rule of law is mistaken by counsel when they say such memorada can only be used to refresh the memory. The rule insisted on applies to such facts as may fade upon the memory; such for instance, as the time when a certain transaction took place, or what passed between A and B on a certain occasion; but where it becomes necessary to make a book, as in the case of Doe vs. Perkins, (3 T. R. 749,) the book is admissible. Aldridge made out a book containing the times when leases of the estate expired; memoranda from this book had been taken; the memoranda were rejected and the book itself called for. S'ee other cases referred to, 1 Stark. Ev. 128-9, in notes. In this case, the best evidence in the power of the party was produced; evidence collected from sources furnished by Wilson, and evidence, which, if erroneous, Scanland had the means of setting *313 it right by the production of documents in his own power and control; hut if it he true, that the rule could he made to operate, Smith, in giving his deposition, refers to the paper and recapitulates from it the results of the amount; and the defendant uses it hy referring and objecting to the manner the interest is calculated, as shown in the paper itself. The next objection is to the manner in which interest is* allowed. The court gave interest on the money due up to the time when a payment was made, first malting the payment, next the interest, and then the debt; interest on interest is not allowable; and no interest where there was no agent to whom payment could be made by Wilson. This was certainly not erroneous.
Judgment affirmed.